### M. HUNTINGTON v. W. H. CRAFTON.

#### No. 2831.

**Payment of Debt Discharges Lien.** — The holder of a note secured by deed of trust upon several tracts of land, upon a part payment of the note released the lien upon one of the tracts. A substitute trustee sold all the lands conveyed in the trust deed, the holder of the note becoming purchaser. *Held:*

1. That upon the discharge of the lien no sale could be made of the land so released.

2. The debt having been paid, the lien no longer existed. A sale under the power was void.

APPEAL from Brazoria. Tried below before Hon. Wm. H. Burkhart. The opinion states the case.

*A. R. Masterson,* for appellant.

*W. S. Brooks,* for appellee.—A purchaser without notice from a vendor with notice will not be affected by the notice of his vendor, and a deed with limited warranty will be as effectual to pass title as a deed with general warranty if to a purchaser without notice of a prior unrecorded deed. Moon v. Curry, 36 Texas, 668; Harrison v. Boring, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 454; Holmes v. Johns, 56 Texas, 41.

HOBBY, JUDGE. — The facts in this case, about which there seems to

be no controversy, show that on the 28th day of October, 1881, Sterling McNeel, who was the owner of the tract of land involved in this suit, executed a deed of trust conveying it, together with other lands, to secure a note due by him to Charles McNeel for $250, with interest, etc. · The deed of trust was properly recorded on. the same day. Before the maturity of the note H. Masterson became the owner thereof. On the 18th of January, 1883, Sterling McNeel conveyed the land to appellant Huntington. On the 22d of May, 1883, Huntington paid to Masterson $60, and the latter endorsed on the deed from McNeel to appellant a release of the lien on the forty acres of land, but the other property was not to be affected by this release.

The deed from McNeel to appellant was acknowledged and recorded February 25, 1886. The release was not duly authenticated nor recorded with any certificate of authentication, and appellee had no actual notice of the payment by appellant to Masterson of said sum and the execution of the release. The note for $250 was never paid by McNeel.

On March 3, 1886, the original trustee named in the trust deed having declined to act, W. S. Brooks was appointed substitute trustee by Masterson, the holder of the note. The land in suit, together with other tracts conveyed in the deed of trust, was sold on the 24th of March, 1886, Masterson becoming the purchaser. The trustee executed a deed to him, which was also properly recorded March 26, 1886. On the same day, March 26, 1886, Masterson sold the land in suit and the other tracts to appellee Crafton, taking his note for the purchase money ($375), except the cash payment of $15 made by appellee. A subsequent payment of $75 was made by appellee. The deed from Masterson to appellee warrants title to appellee against the claim of all persons claiming said land by, through, or under said grantor Masterson.

There was testimony to the effect that appellant was in possession of the land at the time of the purchase by appellee from Masterson.

The court under the foregoing proof rendered judgment in favor of the appellee, who was plaintiff below, from which the defendant appeals, and the assignments of error are that—

"The court erred in holding that said appellee was an innocent purchaser for value without notice, and in awarding him judgment for the land, because the conveyance of said land by Sterling McNeel to appellant was on record at the time of appellee's purchase thereof from said H. Masterson, and properly authenticated for record. Said conveyance to appellant, dated of January 18, 1883, was recorded February 15, 1886, and the deed to appellee is dated March 26, 1886, whereby appellee had constructive legal notice of appellant's title; and further, because the enclosure of said land by appellant and his possession thereof was constructive notice to appellee of said title of appellant.

"The court erred in holding said plaintiff Crafton to be an innocent

purchaser for value, because, as shown by all the proof in the case, he parted with nothing in making said purchase at the time thereof, nor has he yet paid anything, unless his cash payment of $75 be especially applied to this tract of land in suit, rather than to the other two tracts included in same purchase and deed, and to which he acquired a good title.

"The court erred in adjudging said land to appellee Crafton, because, as shown by all the proof, the lien on the land in controversy had been discharged before the sale of same under said trust deed, and said H. Masterson, who caused said trustee's sale, was the purchaser, with full notice of the discharge of said lien (having received the money and executed the release himself), and took no title by said purchase to said tract; and his conveyance to said Crafton conferred only such title as he had, because he only released or quit-claimed all interest of himself, and warranting only against himself or those claiming under him.

"The court erred in adjudging said land to appellee, because, as shown and admitted, appellant's title was over three years older than appellee's title, and was duly recorded before appellee acquired any claim, and because the legal title to said land did not pass from said Sterling McNeel to said J. V. Hinkle as original trustee, or said W. S. Brooks as substitute trustee, by the execution of said trust deed, but remained in said Sterling McNeel until his conveyance of same to appellant Huntington."

We think the judgment is erroneous.

It is evident from the proof that the payment by appellant of the $60 to Masterson, who held the note, extinguished the lien held by him. This is clearly shown by the endorsement made by Masterson on the deed executed by McNeel to appellant.

The lien having been so discharged, there could be no foreclosure by Masterson of a lien already satisfied, nor a sale of the land under the deed of trust. But it is claimed that appellee Crafton had no knowledge of this release or the payment of $60 on the note to Masterson. It is only necessary in reply to this to say that the debt which was a lien upon the land having been paid, the lien no longer existed.

We are of the opinion that the judgment should be reversed and here rendered for appellant.

*Reversed and rendered.*

Adopted March 18, 1890.